UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
JAMEL ALI-BEY, *et al.*,

                                        Plaintiff,

                                                          **MEMORANDUM AND ORDER**

            - against -                                    19-CV-2463 (RRM) (RER)

BETSY DEVOS, *et al.*,

                                        Defendants.
--------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

In February 2019, plaintiff Jamel Ali-Bey filed this pro se action in a New York State

court against then-Secretary of Education Betsy DeVos and, perhaps, the United States

Department of Education ("DOE") and other employees of that agency.  The United States

Attorney's Office, which construed the complaint as suing DeVos and the DOE, removed the

action to this Court and now moves to dismiss it, arguing that defendants enjoy sovereign

immunity, that the action is frivolous, and that the complaint fails to state a claim on which relief

may be granted.  For the reasons stated below, defendants' motion is granted and this action is

dismissed.

## BACKGROUND

The following facts are alleged in a section of plaintiff's complaint entitled "Statement of

Facts," and are assumed to be true for purposes of this Memorandum and Order.  Read liberally,

the Statement of Facts suggests that some entity was engaged in collection activity relating to

loans issued or guaranteed by DOE, though the Statement of Facts does not contain any specific

allegations relating to this collection activity.  On May 21, 2018, plaintiff mailed a "Qualified

Written Request" (or "QWR") to DOE requesting proof that plaintiff owed an unspecified debt

and permission to view the promissory note and other records.  (Complaint at ¶ 1.)  The QWR gave the DOE 30 days to respond or to "forfeit" its "bogus claim(s)."  (*Id.*)

When DOE failed to respond within the 30 days, plaintiff or some unspecified entity or individual acting on his behalf issued a "Certificate of Non-Response (Dishonor)."  (*Id.* at ¶ 2.) Plaintiff then served a "Notice of Dishonor with Opportunity to Cure" and other documents on Kathleen Tighe, the Inspector General of the DOE, giving her an additional 14 days in which to provide "proof of claim."  (*Id.* at ¶ 3.)  However, Tighe took no action, claiming that she had "no lawful authority" to do so.  (*Id.* at ¶ 4.)

On December 12, 2018, plaintiff sent Betsy DeVos, then the Secretary of Education, a demand that she "cease and desist" – presumably, from the collection activity – "until verified proof the debt was established."  (*Id.* at ¶ 6.)  On the same day, plaintiff sent a similar demand to Steven Menashi, the General Counsel of the DOE.  (*Id.* at ¶ 7.)   Neither DeVos nor Menashi responded to his demands.  (*Id.* at ¶ 8.)  The complaint implies that this failure violated some sort of "contract," which "stipulated" that they respond within 14 days.  (*Id.*)

On January 15, 2019, plaintiff mailed DeVos an "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure and Counterclaim" and other documents.  (*Id.* at ¶ 12.) That affidavit gave DeVos three calendar days in which to file some sort of "rebuttal," and stated that, in the absence of a timely rebuttal, the "entire Affidavit and default provisions" would be "deemed true and correct."  (*Id.*)   The complaint does not attach a copy of that affidavit, but states, among other things, that DeVos was required to provide "verified proof" that DOE is "indeed the holder in due course within 3 days or this matter will be void."  (*Id.* at ¶ 13.)

The Complaint

In February 2019, plaintiff, proceeding pro se, commenced this action by filing a

summons and complaint in a New York State court.[1]  The caption of the complaint names

DeVos, "individually and in [her] professional capacity as Secretary of Education for U.S.

Department of Education," and "Agents 1–99" as defendants.  The body of the complaint does

not identify these "Agents," but contains allegations concerning individuals and entities

identified as "Dept. of ED 1," "Dept. of ED 2," "Dept. of ED 3," and "Dept. of ED 4."  These

individual and entities are identified in a "glossary" as the DOE, Tighe, DeVos, and Menashi,

respectively.  (Compl. at 19.)[2]  The Court assumes for purposes of this Memorandum and Order

that plaintiff intends to sue all of these defendants, and to sue the individuals in both their official

and individual capacities.

Although the complaint was initially filed in state court, it contains a lengthy section

entitled "Statement of Jurisdiction."  The first sentence of this section states, among other things,

that plaintiff is seeking "to secure due process of law, equal protection and other rights,

privileges and immunities guaranteed … by Treaty and laws of the Constitution for the New

York States Republic."  (Compl. at 8.)  However, when the section lists the provisions under

which jurisdiction is invoked, the list includes the "United States Republic Constitution, Article I

– Article VII/Amendments I – X;" various federal statutes, including provisions of Title 18 of the

United States Code, 26 U.S.C. § 7701(b)(1)(B), 28 U.S.C. § 1332(a)(1) and 1343, and 42 U.S.C.

§§ 1981, 1983, 1985, and 1986; and the "Treaty of Peace and Friendship."  (Compl. at 8–10.)

---

[1] Although the heading of the complaint states that it was filed in "Civil Court of the State of New York – Kings County," the Court assumes it was actually filed in "Civil Court of the City of New York – Kings County."

[2] Unless otherwise indicated, the Court will use the page numbers assigned to documents by the Court's Electronic Case Filing ("ECF") system.

The complaint contains thirteen "charges," all of which allege that "[d]efendants knowingly, willingly, deliberately, and intentionally participated in an ongoing conspiracy" of one sort or another. The first charge alleges a conspiracy to "subject the plaintiff to the Deprivation of Entitlements," (Compl. at 11), but doesn't specify the entitlements of which plaintiff was deprived. The second charge alleges a conspiracy to subject plaintiff to "a Deprivation of Rights Secured by the Constitution, (*id.*), but does not specify the rights. The third charge alleges a conspiracy to engage in "unlawful Racketeering through threat, coercion and duress," while the fourth charge alleges a conspiracy "to subject [plaintiff] to the Denial of Due Process." (*Id.*) The fifth, sixth, and seventh charges allege a conspiracy to subject plaintiff to "unlawful Malicious Prosecution," "the harm in their Failure to Disclose," and "the VIOLATION OF PUBLIC TRUST," respectively. (*Id.*) The eighth, ninth, tenth, and eleventh charges allege a conspiracy to subject plaintiff to the harm "in their Fraud, False Swearing"; "in their Intentional Infliction of Emotional Distress"; "in their Perjury of Oath"; and "in their Conspiracy," respectively. (*Id.* at 11–12.) Finally, the twelfth charge alleges a conspiracy to subject plaintiff to "the Violation of the Laws of Humanity, and Violation of [the] United States Constitution." (*Id.* at 12.)

While it is not entirely clear what relief plaintiff is seeking, he appears to seek injunctive relief relating to unspecified collection actions by the DOE. Specifically, he requests an order directing defendants to "stop the abuses," and dismissing unspecified "UNCONSTITUTIONAL 'Orders' or 'Actions.'" (Compl. at 14.) He also requests that criminal charges be brought against defendants, if appropriate, and that those found guilty of violating the federal or state constitution or federal laws be removed from office. (*Id.*) In addition, plaintiff demands

$20,000 in compensatory damages from DeVos "individually and in her professional capacity as Secretary of Education," and $5,000 in punitive damages.  (*Id.*)

<u>The Instant Motion</u>

Defendants, who construe the complaint as naming only the DOE and DeVos as defendants, now move to dismiss plaintiff's complaint on three grounds.  First, they move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss for lack of subject-matter jurisdiction, arguing that plaintiff has not established a waiver of sovereign immunity.  Second, they move pursuant to Rule 12(b)(6) to dismiss the claims against them for failure to state a claim for relief that is plausible on its face.  Third, defendants argue in the alternative that the Court should dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint is frivolous.

Plaintiff initially responded to that motion by filing several documents on or about April 20, 2020, all of which were docketed together.  None are responsive to the arguments raised by defendants.  Indeed, only two of the documents reference this litigation or defendants, other than in the caption.  One is an "Affidavit of Fact," sworn April 15, 2020, in which plaintiff denies that he ever executed a promissory note in favor of the DOE, (Affidavit of Fact (Doc. No. 16-2 at 1–2) at ¶ 7), and states that he does not recognize any of the signatures on a promissory note, (*id.* at ¶ 11).  The other purports to be a "self-executing contract," in which plaintiff states that he will accept this Court's "offer to attend [these] proceedings by way of special appearance" upon receipt of certain "Proofs of Claim."  (Writ of Quo Warranto with Proof of Claim and Allodial Fee Schedule Private (Doc. No. 16-1 at 9–13) at 10.)  This document includes an "Allodial Fee Schedule" which purports to set "rates" for "Willful 'Torts' committed by a PUBLIC

SERVANT." (*Id.* at 11.) Under this schedule, the "rate" for a "Failure to honor Oath of Office" is $20,000. (*Id.*)

On or about June 3, 2020 – after the instant motion was fully briefed and filed with the Court – plaintiff filed three additional documents. The first, (Doc. No. 20), is an "Affidavit of Fact" filed by a plaintiff in an unrelated case before this Court: *Darnel Powell Bey v. Corso*, E.D.N.Y. Docket No. 20-CV-687 (RRM) (PK). The second, (Doc. No. 21), includes a request that the Court complete a W-9 form, purportedly so that plaintiff can make unspecified "payments" to the Court, and a document containing plaintiff's personal information, including his social security number.[3] It also includes, among other things, an "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim," (*id.* at 6–9), which demands that the Court provide the "Proofs of Claim" referenced in the previous paragraph within five calendar days or pay certain "damages" specified in the counterclaim. The third, (Doc. No. 22), is a 9-page Memorandum of Law & Jurisdiction, none of which is relevant to defendants' motion.

On June 5, 2020, defendants filed a letter-motion requesting that these three documents be stricken from the docket sheet as an unauthorized sur-reply. (Letter (Doc. No. 23) at 1.) On June 23, 2020, plaintiff responded by, among other things, requesting an extension of time in which to file additional documents in opposition to defendants' motion. (Letter (Doc. No. 24 at 2–3) at 3.) In an order dated June 25, 2020, the Court granted that request, extending plaintiff's time to file additional opposition papers to August 15, 2020.

Prior to August 15, 2020, the Court received five additional submissions from plaintiff. The first submission, (Doc. No. 25), principally contains "Certificates of Non-Response,"

---

[3] For plaintiff's protection, the Court restricted access to Document Number 21 to the parties.

attesting to the fact that DeVos did not respond to mailings which plaintiff allegedly made to her in April and May 2020.  The second submission, (Doc. No. 26), contains another copy of the "Writ of Quo Warranto with Proof of Claim and Allodial Fee Schedule Private," discussed above, and an "Affidavit of Foreign Status" executed by plaintiff, in which plaintiff alleges that he is not a United States citizen, but a "nonresident alien."  The third submission, (Doc. No. 27), contains a cover letter requesting that the Court disregard the "Affidavit of Foreign Status" and allow him access to Document Number 21 – one of the submissions that he himself made on June 3, 2020.[4]  It also contains documents entitled, "Notice and Demand Proof of Life," an "Affidavit of Life," and a "Notice of Revocation of Signature, Power of Attorney and Consent," the relevance of which is not apparent.  The fourth submission, (Doc. No. 28), appears to contain the same documents contained in the third submission.

The fifth submission, (Doc. No. 29), principally consists of a 9-page document entitled, "Amended Complaint at Law in Admiralty."  Although the caption names only the DOE and DeVos as defendants, those parties are not mentioned anywhere else in the document.  In addition, while the caption states that the pleading includes a third-party "Counter Suit," the submission does not indicate who the third party might be.

Defendants have filed a two-page letter addressing these five submissions.  (Letter dated 8/21/2020 (Doc. No. 31).)  Defendants note that none of plaintiff's submissions are responsive to defendants' motion to dismiss and assert that further reply is, therefore, unnecessary.  (*Id.* at 2.)

---

[4] As noted in footnote 3, above, the Court restricted access to that document for plaintiff's own protection.  Since plaintiff himself filed Document Number 21 and has access to it, the Court declines to take action on plaintiff's request.

## STANDARD OF REVIEW

Defendants' motion seeks to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915.  Rule 12(b)(1) permits a defendant to move to dismiss an action for "lack of subject-matter jurisdiction."  Dismissal of an action under Rule 12(b)(1) "is proper when the district court lacks the statutory or constitutional power to adjudicate it."  *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quoting *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (*per curiam*)); Fed. R. Civ. P. 12(b)(1).  When a jurisdictional challenge under Rule 12(b)(1) is addressed to the complaint, "a court accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff."  *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).  The burden of proving subject matter jurisdiction is on the plaintiff.  *Id.*

Rule 12(b)(6) permits a party to move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted."  To survive a motion to dismiss pursuant Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The determination of whether "a complaint states a plausible claim for relief [is] … a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

The standards for reviewing motions to dismiss under Rule 12(b)(1) and 12(b)(6) differ with respect to the documents the Court may consider. "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir.2004) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). (citations omitted). "When a plaintiff proceeds pro se, however, the Court may consider materials outside the complaint to the extent that they are consistent with the allegations in the complaint, including documents that a pro se litigant attaches to his opposition papers …." *Cianfano v. Vill. of Tuckahoe*, No. 18-CV-7882 (KMK), 2019 WL 3456887, at *3 (S.D.N.Y. July 31, 2019) (internal quotation marks and citations omitted; alterations in original). In contrast, in adjudicating a Rule 12(b)(1) motion, a court "may refer to evidence outside the pleadings." *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The standard of review under 28 U.S.C. § 1915(e)(2) differs from the standard of review under Rule 12(b)(6). Section 1915(e)(2) provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … (B) the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune
from such relief.

This statute, "unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim
based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of
the complaint's factual allegations and dismiss those claims whose factual contentions are clearly
baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S.
319, 327 (1989)).

In applying these standards, the Court is cognizant that plaintiff is not represented by
counsel.   Pro se litigants are to be "afforded extra leeway in meeting the procedural rules
governing litigation, and trial judges must make some effort to protect a party so appearing from
waiving a right … because of his or her lack of legal knowledge." *Enron Oil Corp. v.
Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "To give such 'extra leeway,' courts are, for example,
to construe a pro se litigant's pleadings and motions liberally, … and to allow amendments to a
pro se litigant's pleadings more freely …." *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008)
(internal citations omitted).  However, "[t]he right of self-representation is not a license … not to
comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S.
806, 834 n. 46 (1975); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (right to self-
representation "does not exempt a party from compliance with relevant rules of procedural and
substantive law").

## DISCUSSION

Sovereign Immunity

Defendants' first argument seeks to dismiss this action for lack of subject-matter
jurisdiction on the ground that defendants enjoy sovereign immunity.  "The United States, as
sovereign, is immune from suit unless it waives immunity and consents to be sued." *Cooke v.*

10

*United States*, 918 F.3d 77, 81 (2d Cir. 2019) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "Therefore, federal courts lack subject matter jurisdiction over suits brought against the United States unless there exists a specific, express waiver of the government's sovereign immunity." *Stein v. United States Dep't of Educ.*, 450 F. Supp. 3d 273, 276 (E.D.N.Y. 2020) (citing cases) . "[W]aivers of sovereign immunity are 'to be strictly construed, in terms of [their] scope, in favor of the sovereign' … [and] must be 'unequivocally expressed in the statutory text.'" *Cooke*, 918 F.3d at 81 (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)) (first alteration in *Cooke*). "This is to ensure 'that Congress has specifically considered' and 'intentionally legislated on the matter' of sovereign immunity, rather than 'legislat[ing] on a sensitive topic inadvertently or without due deliberation.'" *Stein*, 450 F. Supp. 3d at 276 (quoting *Sossamon v. Texas*, 563 U.S. 277, 290-91 (2011).

"Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing *Federal Deposit Ins. Corp. v. Meyer*, 114 S.Ct. 996, 1005–06 (1994)). However, "sovereign immunity does not erect a barrier against suits to impose individual and personal liability." *Lewis v. Clarke*, 137 S.Ct. 1285, 1291 (2017). Thus, "[s]overeign immunity does not … shield federal officials sued in their individual capacities." *Tanvir v. Tanzin*, 894 F.3d 449, 459 (2d Cir. 2018).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). "The doctrine of sovereign immunity is

jurisdictional in nature, … and therefore … the plaintiff bears the burden of establishing that her

claims fall within an applicable waiver." *Id.* (internal citations omitted).

In this case, plaintiff has not satisfied that burden.  Plaintiff has made several submissions

in opposition to defendants' motion to dismiss, all of which the Court has considered for

purposes of this Memorandum and Order.  None of these explicitly address defendants'

sovereign immunity argument in any comprehensible manner or point to any express statutory

waiver of this immunity.

Moreover, nothing in plaintiff's complaint suggests a basis for establishing such a

statutory waiver.  Indeed, the only statutory violation suggested by the facts alleged in the

complaint is a violation of 12 U.S.C. § 2605 – a section of the Real Estate Settlement Procedures

Act ("RESPA") which requires servicers of "federally related mortgage loan[s]" to respond in a

prescribed time and manner to "qualified written requests" (or "QWRs") from borrowers, and

provides a private cause of action for violations of the statute.  *See* 12 U.S.C. §§ 2605(e) – (f).

Even assuming that RESPA applies to this case, the statute defines the term "servicer" to mean

"the person responsible for servicing of a loan," 12 U.S.C. § 2605(i)(2), and the term "person" to

include "individuals, corporations, associations, partnerships, and trusts." 12 U.S.C. § 2602(5).

Since these statutory definitions do not expressly include the United States or any federal

agency, courts have held that RESPA does not waive sovereign immunity.  *See New Jersey Title*

*Ins. Co. v. Cecere*, No. 12-CV-86 (KM) (JBC), 2020 WL 7137873, at *10 (D.N.J. Dec. 7, 2020)

(RESPA claims against HUD barred by sovereign immunity); *United States v. Davis*, No. 17-

CV-4136, 2018 WL 6694826, at *4 (C.D. Ill. Nov. 15, 2018) ("RESPA does not waive the

federal government's sovereign immunity"); *Rodriguez v. Bank of Am., N.A.*, No. 16-CV-8197,

2017 WL 3086369, at *5 (D.N.J. July 20, 2017) (dismissing RESPA claims against HUD for

lack of subject matter jurisdiction because the definition of "person" "implicitly exclud[es] government entities.")

Because plaintiff has failed to establish a waiver of sovereign immunity, plaintiff's claims against the DOE and the claims brought against employees of the DOE in their official capacities are dismissed. *See Robinson*, 21 F.3d at 510. However, since "[s]overeign immunity does not … shield federal officials sued in their individual capacities," *Tanvir*, 894 F.3d at 459, plaintiff's claims against the employees in their individual capacities cannot be dismissed on this basis.

The Section 1915 Argument

The Court next considers plaintiff's third argument, which seeks to dismiss the complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B). Under that provision, "the district court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or … (ii) fails to state a claim on which relief may be granted. *McGill v. Buzzelli*, 828 F. App'x 76, 76–77 (2d Cir. 2020) (summary order). A complaint or a claim therein "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The Second Circuit has held that district courts possess the power to dismiss actions under this provision, even if the plaintiff has paid the filing fee rather than requesting permission to proceed *in forma pauperis*. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).

As noted in the "Standard of Review" section, above, the inquiry involved in adjudicating defendants' § 1915 argument is different from that involved in adjudicating the Rule 12(b)(6) argument. "Rule 12(b)(6) does not countenance … dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. However, § 1915, "unlike Rule 12(b)(6), accords judges … the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton*, 504 U.S. at 32 (internal quotation marks omitted).

In this case, plaintiff's claims against DeVos are frivolous in that they are based on a procedure of plaintiff's own contrivance.  DeVos's liability appears to be based on an allegations contained in an "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure and Counterclaim," which plaintiff mailed to DeVos on January 15, 2019.  (Complaint at ¶ 12.) That affidavit gave DeVos three calendar days in which to file a "rebuttal."  (*Id.*)   Plaintiff alleges that, in the absence of a timely rebuttal, the "entire Affidavit and default provisions" are "deemed true and correct." (*Id.*)

Since plaintiff did not attach a copy of the "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim," it is unclear what allegations DeVos allegedly admitted by failing to file a timely rebuttal.   However, the Court notes that plaintiff also served the Court with an "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim," (Doc. No. 21 at 6–9), which demands that the Court provide "Proofs of Claim" within five calendar days or pay certain "damages" set forth in the "counterclaim."  Since plaintiff's claims for damages and other relief against DeVos in her individual capacity are based on her failure to comply with demands set forth in the "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim," these claims lack a basis in law or fact and are frivolous.

Failure to State a Claim

To the extent that DeVos's liability is somehow unrelated to the allegations contained in the "Administrative Affidavit of Specific Negative Averment, Opportunity to Cure, and Counterclaim," the complaint fails to state a claim against her.  The complaint also fails to state a

14

claim against Tighe or Menashi. Plaintiff's pleading simply does not allege that DeVos, Tighe, or Menashi did, or failed to do, anything that might give rise to liability. At most, the complaint, read liberally, implies that these individuals ignored correspondence that plaintiff sent to them. However, "[g]enerally, the failure of a supervisory official to respond to a letter of complaint is insufficient to create personal responsibility." *Harris v. Howard*, No. 07-CV-1065 (TJM) (GJD), 2009 WL 537550, at \*9 (N.D.N.Y. Mar. 3, 2009) (citing *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)).

Leave to Amend

In cases involving pro se plaintiffs, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In this case, there is no indication that plaintiff has a valid claim against defendants. Indeed, he has already filed an "Amended Complaint at Law in Admiralty," (Doc. No. 29), the body of which does not contain a single allegation relating to any of the defendants. There is nothing to suggest that granting plaintiff leave to file yet another amended complaint would be at all fruitful.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted and this action is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of defendants, to mail a

copy of the judgment and this Order to plaintiff, to note that mailing on the docket sheet and to close this case.

SO ORDERED.

Dated:  Brooklyn, New York
        March 31, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

16